914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RADVA CORPORATION, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5004.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1990.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Appellant Radva Corporation (Radva) negotiated with the Corps of Engineers on a design and construction project during a four month period in 1988. The Corps terminated negotiations and cancelled the solicitation because the firm had not submitted acceptable proposal bonds within the required time frame. Radva then filed suit in the Claims Court seeking reinstatement of the solicitation on the grounds that the government's actions in terminating the negotiations breached its implied contract to fully and fairly consider the proposal. The Claims Court granted the government's motion for summary judgment.[1] Radva appeals.
 
 
 2
 Appellant's primary argument rests on its interpretation of language in certain communications from the Contracting Officer. Radva asserts that the communications indicate that the government found the company "non-responsible" as defined under the provisions of the Small Business Act.[2] Thereafter, according to appellant, the government violated the Act when the matter of the firm's responsibility was not referred to the Small Business Administration (SBA) for a final determination under its Certificate of Competency procedures.[3]
 
 
 3
 After careful and exhaustive consideration of the record as a whole the Claims Court found the communications indicated that Radva's proposal bond was non-responsible, not that the company itself was non-responsible.[4] The court concluded that since the contractor's disqualification was not a consequence of its small business status, referral to the SBA was unnecessary.[5] Appellant urges that this court decide for itself what the communications imply, but we can find no clear error in the Claims Court's factual conclusions. The facts in the record make clear that the Contracting Officer's decision to terminate negotiations was based on Radva's failure to submit timely proposal bonds, not because of alleged deficiencies stemming from the firm's size. It is well settled that referral to the SBA is required only when the challenge to the contractor's integrity stems from its certification as a small business concern.[6] The judgment of the Claims Court is affirmed.
 
 
 
 [1]
 Radva Corp. v. United States, 17 Cl.Ct. 812 (1989)
 
 
 [2]
 15 U.S.C. Sec. 631 (1988)
 
 
 [3]
 15 U.S.C. Sec. 637(b)(7)(A) (1988); see also 48 C.F.R. Sec. 19.601 (1989)
 
 
 [4]
 17 Cl.Ct. at 821-22
 
 
 [5]
 Id
 
 
 [6]
 See e.g. Electro Methods, Inc. v. United States, 728 F.2d 1471, 1476 (Fed.Cir.1984); NKF Eng'g, Inc. v. United States, 9 Cl.Ct. 585, 596 (1986); Siller Bros., Inc. v. United States, 228 Ct.Cl. 76, 80-83 (1981)